**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ALEXIS PANTOJA MARTIATO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2225-KC** |
| | § | |
| **WARDEN OF CAMP EAST MONTANA,** | § | |
| | § | |
| | § | |
| **Respondent.** | § | |

**SHOW CAUSE ORDER**

On this day, the Court considered Alexis Pantoja Martiato's Petition for a Writ of Habeas Corpus, ECF No. 1.

Pantoja Martiato is detained at Camp East Montana in El Paso, Texas. Pet. ¶ 2. He argues that his detention is unlawful and asks the Court to order his release. *Id.* Attach. A. On December 21, 2023, Pantoja Martiato was issued a final order of removal. *Id.* ¶ 11. He was taken into immigration custody on February 11, 2026. *Id.*

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entailed thereto." The statute also provides that a response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline. 28 U.S.C. § 2243.

Generally, when a noncitizen is ordered removed from the United States, removal should occur within ninety days. 8 U.S.C. § 1231(a)(1)(A). That removal period ordinarily

begins when the noncitizen is subject to a final order of removal. *See id.* § 1231(a)(1)(B). During this removal period, "the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). The removal period may be extended in at least three circumstances. Relevant here, a noncitizen may be detained beyond the removal period if he is "(1) inadmissible, (2) removable as a result of violations of status requirements, entry conditions, or the criminal law, or for national security or foreign policy reasons, or (3) a risk to the community or unlikely to comply with the removal order." *Johnson v. Guzman Chaves*, 594 U.S. 523, 528–29 (2021) (citing 8 U.S.C. § 1231(a)(6)).

If any of these grounds apply, the statute imposes no limit on the time a person may be detained. Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem" the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal. *Zadvydas*, 533 U.S. at 689–90. This period is presumptively six months. *Id.* at 701. After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen. *Id.*

Pantoja Martiato alleges that he has been detained for more than six months after the issuance of a final order of removal on December 21, 2023. *See* Pet. Attach. A, at 1. He also alleges that "the documents presently available to [him] do not identify a confirmed removal date, a scheduled removal flight, or other concrete information establishing that his removal will occur in the reasonably foreseeable future." *Id.* If these allegations are true, Pantoja Martiato likely meets his burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 689–90.

Thus, Respondents must rebut this showing by either demonstrating that Pantoja Martiato's removal is likely in the reasonably foreseeable future or deporting him.

Accordingly, the Court **ORDERS** that Respondents shall **SHOW CAUSE** by **no later than September 8, 2026**, why the application for a writ of habeas corpus should not be granted and specify:

(1) What concrete steps have been taken to effectuate Pantoja Martiato's removal,

(2) What obstacles exist to effectuating Pantoja Martiato's removal, such as issuance of travel documents, or identifying a country for removal,

(3) What concrete steps have been taken to address the existing obstacles, and

(4) The anticipated timeline for Pantoja Martiato's removal from the United States.

The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**IT IS FURTHER ORDERED** that if any deadline set in this Order falls on a weekend or holiday, that deadline is extended to the following business day.

**SO ORDERED**.

**SIGNED this 1st day of September, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE